23-877 Bacher v. Sanofi. All right. Is it Mr. Pariser? Yes, Your Honor. Good morning. You have reserved two minutes for rebuttal. You may proceed when you're ready. Good morning, Your Honors. Daniel Pariser. I represent Sanofi, but I'm arguing this morning on behalf of all appellants. Your Honors, Connecticut Practice Book Rule 9-5 states as follows. Whenever there are two or more separate actions which should be tried together, the judicial authority may, upon the motion of any party or upon its own motion, order that the actions be consolidated for trial. Your Honors, there is no ambiguity in that rule and hence no ambiguity in the consolidation motions that the plaintiffs filed under that rule. By seeking consolidation of their cases under Practice Book Rule 9-5, they sought a joint trial of 100 or more plaintiffs under CAFA and removal was proper. Now, Your Honors, the plaintiffs and the district court tried to create some ambiguity in that rule and in the plaintiffs' motions by citing to a handful of unpublished trial court decisions. Those decisions cannot create an ambiguity for at least three reasons. First of all, Your Honors, the Connecticut Supreme Court has spoken in the State v. Gennady case. It explained that Practice Book Rules must be read based on their plain language, and if they are not ambiguous, there is no room for construction. And that is the case with Rule 9-5. So if the rule reads exactly the same, but there's just an avalanche of evidence and maybe even court decisions saying, you know, there's no other way to bring a motion to consolidate for pretrial purposes, so use this. None of that's relevant under your reading? Well, obviously, Your Honor, that's not the case, but I would say if the Connecticut Supreme Court has interpreted the rule differently. Let's say it's not the Connecticut Supreme Court, but lots of other courts, and it's just everybody who practices in Connecticut knows this is how you do it. None of that's relevant because you read the text to be unambiguous. So, Your Honor, first of all, I'd say absolutely practice cannot be relevant. And to have this court decide cases and decide jurisdiction based on some assessment of what practice is in the trial courts I think would be fraught with danger. So you don't see that the other side intended to have a joint trial. Given all that they've done, you're not making that argument. You're making the argument that because they cited this particular case, they were stuck with something that they did not want. And that is so clear in Connecticut that we don't want to follow. I think that's your argument. It's a powerful argument. But that's it, isn't it? Well, I'm not quite sure, Your Honor. I don't think that, candidly, we can fathom what they really intended in their heart of hearts. That does not mean simply. I mean, we can do many things, but that they tended to avoid a broader picture is certainly clear. So, Your Honor, well, I apologize, Your Honor. Yes. Suppose we rule your way. And they then ask the district court to dismiss without prejudice. And the district court dismisses without prejudice. And they bring exactly the same cases now. And don't make the mistake of speaking a rule which other people may say have done that way. Well, Your Honor, first of all, to answer your first point first, I think that certainly the plaintiffs didn't want to be in federal court. But that's a different question than what did their motion say? Did they make a proposal for a joint trial? I think that's the question for this court. To answer Your Honor's second question, I think the danger of the ping pong match here, to sort of use Your Honor's, put Your Honor's comment into an analogy, is really if the court does not adopt this plain text view that we're urging. Because what you'll have is a situation where the plaintiffs ask for something plainly on the face of their motions. The defendants in good faith remove the case to federal court. And suddenly there's this mini trial on whether the plaintiffs really intended to seek a joint trial or not. And then, lo and behold, the case gets sent back. So I would submit, Your Honor, that the simple jurisdictional rule we are arguing for is the one that avoids that sort of back and forth. Now, I'd like to go back, if I may, to Judge Nathan's earlier question. Because really, let's put aside the citation to 9-5 for a moment. The fundamental problem with plaintiff's motion is that they did not disclaim a joint trial. Let's assume that they simply asked for ordinary joinder under Connecticut's rule, which allows for either joinder for pretrial purposes or for trial, depending on the court's discretion. There would still be CAFA jurisdiction. Because as the Sixth Circuit explained in the Adams case just earlier this year, every court of appeals to address the question has held that when there's more than 100 plaintiffs joined in a single complaint, there's a presumption that there's a joint trial request, and CAFA jurisdiction is appropriate. Counsel, isn't it your burden to establish clearly that there is federal jurisdiction? And therefore, isn't it your burden to establish that there was no confusion of the sort the district court found in the practice rule as it is applied in Connecticut, so that even though it may be closed, it is up to you to say there can be no doubt there is federal jurisdiction? Because the burden to establish federal jurisdiction is yours. The burden, you're correct, Your Honor, insofar as the burden to establish a proposal for a joint trial is on the defendants. We've clearly met that burden by pointing to plaintiff's consolidation motion. I don't believe our burden is to prove it beyond any doubt. If you read the Dart-Cherokee case from the Supreme Court, there is no anti-removal presumption attendant to CAFA. I'd add one more nuance, Your Honor. They don't say anything in their motion specific to joinder for trial. You're relying on the rule that they used as the vehicle to consolidate. So, Your Honor, their motion doesn't say much, but that's the only authority it cites. And, yes, that frames the relief they're requesting. So I do read the citation to that rule to ask for a joint trial. But, Your Honors, again, even if they had cited some other rule, absent a disclaimer, if they are seeking to bundle together more than 100 plaintiffs in a single complaint, which is what they unambiguously did, no matter what rule they cited, under the Adams case, under every court of appeals case that's ever decided the issue, there is a presumption of a joint trial. It was incumbent upon the plaintiffs, when they sought a consolidation, to disclaim that they wanted a joint trial. But you're relying on cases where they're brought together as a single complaint, right? That's true, but- So, therefore, having not brought them together as a single complaint cuts entirely against you when we're looking to see, as the district court said, whether the evidence is in equipose or whether you've met your burden. I don't see how that doesn't undermine your position. I respectfully disagree, Your Honor, because no matter how the cases were filed initially, the plaintiffs sought to merge them all into a single complaint. And, Your Honor, obviously, and the cases recognize this, every single case that has said, well, wait a second, if plaintiffs file six cases, each of them below 60, 70, 100 plaintiffs, all of those courts say it would be a different issue if the plaintiffs later sought to consolidate the cases. I have one more point on the burden point, on the burden issue, Your Honors. CAFA actually does have an exception for consolidation for pretrial purposes only. That's an exception. So once we've carried our burden to show there's a proposal for a joint trial, which we believe we've done, the burden, I believe, is on the plaintiffs to show that, in fact, they've sought consolidation for pretrial purposes only, and they haven't done that, Your Honors. Thank you, Counsel. Thank you, Your Honors. We have two minutes for rebuttal. We'll hear from Mr. Berger. You can raise the podium, too, if you like. On the left, there's a- I think it's okay. It's as high as it goes. That's all right. You may proceed. Thank you, Your Honors. It may please the Court. My name is John Berger. I represent Ms. Batcher and the other individual appellees who were the plaintiffs below. Judge Calabresi is right. It is the defendant's burden to show that CAFA jurisdiction is proper here. They must show that burden by a preponderance of the evidence, which means they must carry the greater weight of the evidence to show that jurisdiction is proper. Mr. Pariser said, setting aside Section 9-5, Mr. Pariser could not cite any cases from the Connecticut Supreme Court or any other Connecticut court that state Section 9-5 is only interpreted to allow for consolidation for trial and no other purposes, and that 9-5 is unambiguous. Mr. Pariser had cited State v. Gennady, which dealt with an issue of criminal law. It did not construe Section 9-5. If we look at- Counsel, haven't you botched it? That is, you could perfectly well have said, we are asking for consolidation for pre-trial, and then there'd be no issue. And the fact that you haven't incited that practice has created a problem. The district court went well out of its way to try to rescue you. Did you do that? Should we say you made a mistake? No. Thank you, Your Honor. Yes, I do agree that hindsight is always 20-20, and I don't know if I know of a lawyer who could not use a lesson in being more clear when needed. However, we did not affirmatively ask for consolidation for trial, and it is not incumbent upon us to either disclaim consolidation for trial or be defaulted into federal CAFA jurisdiction. What we did was we asked for a consolidation for trial, and in the context of Section 9-5, as interpreted by the courts, that does not necessarily mean only a consolidation for trial. Connecticut Supreme Court has not interpreted Section 9-5. There's not a lot of cases that discuss Section 9-5. There was a certain amount of back and forth between counsel with respect to the consolidation motion. Is there anything in the record that indicates that plaintiff's counsel said during those conversations that they wanted consolidation only for pretrial purposes? I don't believe there is language in the e-mails and e-mail communications that use the term pretrial, but also those e-mail communications do not ask for a consolidation for trial or through trial or for all purposes, which is language that has been held by other circuit courts to be problematic in evidence of intent to propose a joint trial. None of that exists here. The only thing that exists here is the solitary, naked citation of Section 9-5. It would be an unreasonable interpretation of plaintiff's actions to assume that we intended a joint trial of 853. Do you agree, counsel, what you intended is what matters because of the proposed language in CAFA? Yes. Congress did not define the term proposed when it enacted CAFA. Other courts, this court has not spoken on the issue, but other courts have. And every other circuit that has construed what proposal means has defined it in terms of intent. So it does then lead to the question of what did you intend as your opposing counsel said. There's two possible mistakes here. I mean, you made a mistake, and there's two possible mistakes. One mistake is, oops, I made this removable. I think that's irrelevant. Do you agree with that? I'm not sure if I understand. Well, then the other possible mistake is, oops, I consolidated this for trial. Which of those mistakes did you make? I made the mistake of not using clear enough language in the consolidation motion. I didn't affirmatively disclaim a consolidation for trial, but CAFA does not require the plaintiffs to affirmatively disclaim a joint trial or be defaulted into CAFA jurisdiction. The burden is on the defendants to show, by a greater weight of the evidence, that we intended to bring about and actually wanted to bring about a joint trial. And that they haven't done. What we intended was, and the language by several other circuit courts, defines proposal strictly in terms of intent. And this is not a subjective post-removal type of judicial exception that the district court created here, because the court did not. The court looked at all the evidence in the record that existed prior to the removal here, and that is the structure of the complaints, which the court is right, none of our complaints, the nine complaints, contained 100 or more individuals. The communications between the parties did not ask for a consolidation for trial. All of those communications were made clear that the plan was to seek a consolidation for the purposes. Let me ask, maybe this hypothetical is helpful, maybe not, we'll see. Let's say that you filed a complaint and you meant to include 99 plaintiffs, but you counted wrong and you included 100. And there's evidence maybe that you meant to include 99 that you put forward that an objective observer would say, but oops, you included 100. Is that case removable? Your Honor, I think it would depend on more facts of the case than that, but all other things being equal, the courts have held that when 100 or more individuals were included on a single complaint, that they will infer that there was an intent for a joint trial. The Ramirez case from the Third Circuit that we had cited, the plaintiffs included 113 plaintiffs on a single complaint and argued that that didn't necessarily mean that they wanted a joint trial. And the court in that case stated that there would have to be some other, and this is a hypothetical because it didn't exist in that case, but there would have to be some other evidence that they didn't actually intend to bring about a joint trial, even though they included 113 in one complaint. We don't even have to go that far in this case because we didn't do that. That's the same- Your answer to my question, just taking my hypothetical facts, no question that you meant to include 99, but you mistakenly included 100. You would say that the district court should engage in sort of a pierce below what you actually did and look at what you meant to do objectively based on the record? Maybe every other case you've ever brought, you brought 99, and there's six other complaints and they're all 99, and this one you just counted wrong. Under those facts, you would say you get to argue that it's not removable, or at that point have you proposed a joint trial of 100 or more? Sure, Your Honor. Again, other facts in the case being, I assume being enough to satisfy the burden. The bright line rule that Mr. Pariser had mentioned- Not so. We have any number of cases in which people by mistake either create or fail to create diversity jurisdiction, and those have been handled in particular ways. I think the answer to Ms. Nathan's question is if you put in the wrong number, you put in the wrong number just as if you had included somebody who was diverse or was not. What you're saying is that this is different because here, the kinetic law is unclear as to what the effect of a joinder may be for consolidation. That had to be your argument. By the way, if the kinetic law is not clear, maybe I'll ask the other side if they want us to certify. Thank you, Judge Calabresi. Yes, that is our argument. As I was going to say, Mr. Pariser had mentioned the Adams case, and the Adams case does use the language of the courts want a bright line rule to determine jurisdiction. Now, in that case and other cases that have held similarly, there was a bright line because in the Adams case, the plaintiff tried to consolidate a 300-person complaint with a 400-person complaint. Other cases have held similarly. This is not one of those cases. This is not how many plaintiffs were included in the complaint, which I agree is evidence of intent. This is a matter where we're having to construe intent from other means. The other cases construe intent by looking at the number of plaintiffs in the complaint and also what language was used to consolidate the cases. And those cases hold a consolidation for trial, through trial, for all purposes, for pretrial and trial are evidence of intent. And I agree that that is likely a bright line rule, and I see my time is up. Just follow up. You don't want us to consolidate. I'm sorry, to certify the question, right? Because even if the Connecticut Supreme Court clarified at some future date the meaning of this rule, I presume you would say, well, going forward now, we know what that means to file a motion citing 9-5. But at the time, we didn't, and so it's not a question of Connecticut law, objectively, but what was the status of the law and other evidence in the record at the time, right? Correct. Correct. A future certification and decision by the Supreme Court would be something we could rely on in the future but not something we would have the benefit of in the past. The Connecticut canons of construction say that the court should construe state law based on how, in the context of how other judicial decisions have interpreted the language and the purpose of the statute. We were looking at Section 9-5 in the context of cases like the Dabella v. Greenwich case and the Feinstein case, which the Section 9-5 wasn't the predominant issue in those cases, but in the Dabella case specifically, the court held that consolidation for discovery was proper and consolidation for trial was premature and not proper. The court in that case specifically said Section 9-5 is the applicable rule for motions to consolidate. That is why we cited that rule and in the context of the Dabella case and other cases like Feinstein that have held that that doesn't preclude consolidation for discovery, we believed it was proper to go forward and seek a consolidation for purposes of transfer to the CLD and that was not to be construed in Connecticut as a consolidation for trial. Again, we didn't ask for a trial and we shouldn't have to have an affirmative disclaimer of whatever the defendant could think of as might be our intent in order to stay out of federal court. The complaints, none of them had complete diversity. They all expressly disclaimed federal law. None of them had more than 100 plaintiffs and all the recoveries sought in the prayers for relief were for each plaintiff. That is an indication that we did not intend to bring those cases together as one case in federal court. Thank you, Counsel. Thank you. Mr. Fraser, you have two minutes. Thank you, Your Honor. To begin with, Connecticut law is clear. First of all, the rule is unambiguous, but more than that, Your Honor, the trial court decisions that they cite don't even support the proposition that there's ambiguity in the rule. Those couple of cases, to the extent they're ordering consolidation for purposes other than trial, also cite the court's inherent authority to consolidate cases like the DiBella case. So they don't create any ambiguity. More than that, Your Honors, the plaintiffs didn't cite any of those cases in their consolidation motions. So this is really a post hoc attempt to inject ambiguity into the consolidation motions that didn't exist. And to Judge Calabresi's point, what the district court really did here is create a mistake or foot fault exception to CAFA. And I would submit that that is an unwise practice for this court to accept. Number one, it's going to create the kind of Claiming that this practice book is absolutely unambiguous because there's other language from the Supreme Court that suggests that the practice is read literally. And that there are any number of behaviors in Connecticut. You're from Connecticut. I'm from Connecticut. We know that the lower courts often then do what they want. Doesn't that create enough of an ambiguity so that if we were to be in your way, we should certify and ask Connecticut whether in fact this was absolute? And isn't that a rather silly thing to do? Your Honor, I didn't catch all of your question, but if I understood it correctly, no, certification is not appropriate to try to understand what trial practice is. I think that will become fraught with difficulty in terms of reviewing. It will create an uncertain rule when it comes to jurisdiction, an issue where the Supreme Court has said that simplicity is a virtue. And I think in any case, Your Honor, as I explained earlier, even if they had cited ordinary joinder here by merging all of the cases together and not disclaiming that they wanted these cases tried together, CAFA jurisdiction exists. I see my time is up. What would they have cited for ordinary joinder? Section 9-4, for example, Your Honor, which is very similar to the federal rule on joinder. So there were plenty of alternatives. Thank you. Thank you, Your Honors. All right. The matter is submitted.